UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00096-FDW-DSC

| | |
|---|---|
| MELISSA NEREIM, individually and on behalf of all similarly situated individuals,<br><br>   Plaintiff,<br><br>vs.<br><br>PREMARA FINANCIAL, INC., d/b/a Carolina Premier Bank, and CAROLINA PREMIER BANK,<br><br>   Defendants. | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Dismiss or, In the Alternative, Stay and Compel Arbitration (Doc. No. 14). This motion has been fully briefed (Docs. Nos. 14, 15, 18, 19), and it is now ripe for review. Having carefully considered the parties' briefs and exhibits thereto, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

Plaintiff filed this action against Defendants arising out of the Fair Labor Standards Act. Plaintiff's Complaint asserts claims on behalf of herself and similarly-situated individuals employed as loan officers or similar job titles at Defendants' branches in North Carolina, South Carolina and Washington, DC. (Doc. No. 1). Defendants move to dismiss, or in the alternative to compel arbitration, citing an employment agreement signed by Plaintiff that contains an express arbitration clause. (Doc. No. 19-1, p. 5). That document provides in pertinent part:[1]

---

[1] Plaintiff signed this agreement in conjunction with a transition of her employment relationship to Strategic Outsourcing, Inc. ("SOI"), a Professional Employer Organization or "PEO." Previous to her relationship with SOI, Plaintiff had provided services to Defendants through another PEO. The express terms of the agreement signed by Plaintiff clearly state at the outset, "The organization for which you perform services (Company) has contracted for

> If arbitration agreements are forbidden by law with respect to my employment (for example, if I am employed on a federal contract) the agreement to arbitrate below will not apply, and if I am represented by a union and my collective bargaining agreement (CBA) is inconsistent with my agreement to arbitrate in a given case then the agreement to arbitrate will not apply. The waiver of trial by jury below will continue to apply in all cases. I and SOI agree that any legal dispute involving SOI, Company, or any benefit plan, insurer, employee, officer, or director of SOI or Company (all of which are beneficiaries of this agreement to arbitrate and waiver of jury trial) arising from or relating to my employment, wages, leave, employee benefits, application for employment, or termination from employment will be resolved exclusively through binding arbitration before a neutral arbitrator in the capital or largest city of the state in which I work or another mutually agreed location (SOI may appear by phone), and that I will participate only in my individual capacity, not as a member or representative of a class or part of a class action or in a consolidated case, provided this will not impair my right to engage in collective action under Section 7 of the National Labor Relations Act. Arbitration will use the rules of a neutral, mutually agreeable arbitration service, may grant the same remedies that would be available in a court of law (and no more) including applying statutes of limitations to any claims, and use the same rules of evidence as a federal court. Unless prohibited by law costs of arbitration will be shared equally by the parties. If applicable law requires provisions in an arbitration agreement which are not included here or are different from what is included here, they will be deemed incorporated to the minimum extent necessary to validate this arbitration agreement. Disputes will be resolved solely upon applicable law, evidence adduced at trial, and defenses raised, granting relief on no other basis, and the arbitrator may grant summary disposition or disposition on the pleadings. The arbitrator will render a reasoned written decision. No failure to strictly enforce this agreement to arbitrate will constitute a waiver or create any future waivers and no-one other than counsel for SOI (in writing) may waive this agreement for SOI. If for any reason a matter is not resolved through arbitration I AND SOI MUTUALLY WAIVE ANY RIGHT TO A JURY TRIAL. I am not prohibited from complaining to government agencies or cooperating with their investigations. My agreements to arbitrate and waive jury trials are contracts under the Federal Arbitration Act and any other laws validating such agreements and waivers. If any part is unenforceable, the rest will still be enforceable.

Under the Federal Arbitration Act ("FAA"), federal courts must stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The FAA also authorizes a federal district court to

---

SOI to provide services under which you will be paid through SOI for work you perform for and under the direction of Company . . . ." (Doc. No. 19-1, p. 5).

issue an order compelling arbitration if there has been a failure to comply with an arbitration agreement. See 9 U.S.C. § 4. The FAA reflects a strong policy in favor of arbitration, and the Supreme Court has held that agreements that waive class claims and provide for only individual arbitration are also fully enforceable. See AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011).

Under North Carolina law, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for revoking a contract." N.C. Gen. Stat. § 1-569.6(a) (2007).

When an enforceable arbitration agreement exists, and the issues in the dispute fall within its scope, a federal district court must stay the proceedings on a party's motion to compel when the other has "failed, neglected, or refused to comply with an arbitration agreement." Gilmer v. Interstate /Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing 9 U.S.C. §§ 3, 4); see also Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002) ("A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.")

It appears to the Court that the arbitration agreement at issue is valid and enforceable under general principles of North Carolina contract law. Plaintiff read and signed the unambiguous employment agreement, including the clause, representing she agreed to and understood the terms. Plaintiff neither contests that she signed the agreement, nor has she provided any legal reason why the arbitration clause is unenforceable. "It is well established under North Carolina law that a party does not have to be positively identified for a contract to exist or for the previously unknown party to enforce the contract." Habitat Architectural Group,

P.A. v. Capitol Lodging Corp., 28 Fed. App'x 242, 245 (4th Cir. 2002) (citations omitted). Moreover, "absent normal defenses to contract formation, an agreement to arbitrate cannot be defeated by one party's assertion that it did not know the precise identity of the party with whom it contracted." Id. Here, the employment agreement makes clear that the arbitration provision applies to legal disputes against SOI *or* the Company (Defendants) arising out of Plaintiff's employment. (Doc. No. 19-1, p. 5). Even if this Court were to presume, contrary to the express terms of the agreement, that no agency relationship exists between SOI and Defendants, Defendants may enforce the Arbitration Agreement as a third-party beneficiary. See Stewart v. Legal Helpers Debt Resolution, LLC, Civil Case No. 2:11cv26, 2012 WL 1969624 * 4 (W.D.N.C. June 1, 2012) (holding the defendant was entitled to enforce arbitration agreement where the signatories' intent was to provide a benefit to the defendant under the agreement).

Here, Plaintiff's Complaint contains allegations that specifically relate to Plaintiff's employment, including wages. Consequently, the specific issues in the dispute clearly fall within the scope of the arbitration clause. Further, Plaintiff would not be prejudiced by the clause's enforcement because the litigation is only in its beginning stages, and neither party has yet expended significant amounts of time or money.

Plaintiff's clear, written, and signed agreement to resolve employment-related disputes through binding arbitration fully satisfies the requirements of the FAA and North Carolina law for enforceable arbitration agreements. To the extent other parties have "opted-in" to this lawsuit, the Court hereby provides them with two options: (1) participate in arbitration as ordered for the named Plaintiff in this case, presuming similar arbitration agreements exist for the opted-in parties; or (2) if no such arbitration agreement exists, the opted-in parties may file a separate lawsuit.

IT IS THEREFORE ORDERED that for the reasons stated herein as well as those stated in Defendants' briefs in support of their motion, Defendant's Motion to Compel Arbitration is GRANTED, Defendant's alternative request for a STAY pending arbitration is GRANTED, and Defendant's request for dismissal is DENIED. The parties are ORDERED to proceed to arbitration and submit reports to the Court every ninety (90) days. The dispute must be resolved within twelve (12) months from the date of this Order.[2] Failure to do so will result in Court action.

IT IS SO ORDERED.

Signed: June 24, 2014

Frank D. Whitney
Chief United States District Judge

---

[2] Under this Court's standing orders, the Court's timeline sets trial in civil cases approximately twelve (12) months from the filing of the complaint. Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47. The time limit is put in place to protect all parties' interests and promote judicial efficiency.